IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID URETSKY<br>7015 US-22 East<br>New Holland, OH 43145<br>　　　　Plaintiff<br>　　v.<br><br>METROPOLITAN LIFE<br>INSURANCE COMPANY<br>1255 Drummers Lane, #300,<br>Wayne, PA 19087<br>　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:　NO.: |

## COMPLAINT

NOW COMES, the Plaintiff, David Uretsky, by and through his Counsel, Pond, Lehocky, LLP, and hereby complains of the above referenced Defendant, Metropolitan Life Insurance Company (hereinafter referred to as " Met Life"), as follows:

**I.   STATEMENT OF JURISDICTION:**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through his Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

## II. STATEMENT OF VENUE:

2. Venue is proper in this jurisdiction as all actions and occurrences which give rise to the instant action occurred within the jurisdictional boundaries of this Honorable Court. Specifically, under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §1132(e)(2). The Defendant can be found within the jurisdictional district of this Honorable Court.

## III. FACTS:

3. The Plaintiff, David Uretsky, is an adult and competent individual with a physical address of 7015 US Highway 22 East, New Holland, OH 43145.

4. The Defendant, Met Life, under information and belief, is a business entity with a business address located at 1255 Drummers Lane, Wayne, PA 19087.

5. Met Life is a business entity, which issues disability insurance policies governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

6. On a date certain, Met Life, issued a policy providing disability insurance benefits under through the Plaintiff's employer, Cox Enterprises.

7. The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on

behalf of the Plaintiff under said policy were paid.

9. At all times material and relevant hereto, the Plaintiff performed all obligations required of him under said contract of insurance.

10. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by Metlife to the Plaintiff's employer under the aforementioned policy.

11. On a date certain, the Plaintiff filed an application for long term disability benefits with Met Life. The Plaintiff received benefits until May 17, 2022.

12. Met Life notified the Plaintiff that his claim was terminated and that he was not entitled to benefits beyond May 17, 2022.

13. The Plaintiff filed an administrative appeal and submitted additional medical records and opinions of his treating doctors in support of his claim.

14. By correspondence, Met Life denied the Plaintiff's administrative appeal and informed him of his right to bring a civil action disputing the adverse benefit decision.

15. Met Life abused its discretion and acted in a manner serving only its own business interest when it denied the Plaintiff's claim for disability benefits.

16. The actions of Met Life in denying the Plaintiff's claim for disability insurance benefits was arbitrary, capricious and made in violation of 29 U.S.C. §1001, et seq.

17. The actions of Met Life in denying the Plaintiff's claim for disability insurance benefits are contrary to the language of the policy in question.

18. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as he has satisfied through medical evidence that he meets the definition of disability under the policy of insurance.

19. The Plaintiff is entitled to recover the benefits due to him under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

20. As a direct and proximate result of the actions of Met Life as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

21. As a direct and proximate result of the actions of Met Life, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from May 17, 2022 to the present and continuing into the future.

WHEREFORE, the Plaintiff, David Uretsky, respectfully requests that judgment be entered against Met Life as follows:

1. Ordering Met Life to pay to the Plaintiff, David Uretsky, long term disability insurance benefits from May 17, 2022 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, David Uretsky, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: _____
Michael J. Parker, Esquire
PA ID No. 93024

Pond, Lehocky, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500